UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**FILED**

10/31/2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY      s/STN           DEPUTY

JUSTIN PANUS,
     Movant,

v.

AVA LAW GROUP, INC.,
     Respondent.

§
§
§
§
§
§
§

Cause No. **'23 CV 2018 DMS JLB**

## MOTION TO COMPEL ARBITRATION

TO THE HONORABLE COURT:

    NOW COMES, Justin Panus, Movant acting Pro Se in the above styled and numbered cause, and respectfully apply to this Court for an Order to compel AVA Law Group, Inc., Respondent, to engage in arbitration under the Federal Arbitration Act — specifically Movant requests that arbitration be conducted by a single arbitrator from the American Arbitration Association ("AAA") in San Diego, CA. In support of this Motion, Movant shows:

### I.
### JURISDICTION

    This Court has jurisdiction over this issue pursuant to 9 U.S.C. 4. Movant has sustained a legal injury as a result of a breach of legal duty by Respondent, thus Movant has standing to prosecute the claim that is the subject matter of this action.

    9 U.S.C. 4 requires that a federal arbitration hearing be held "within the district in which the petition" was filed. Therefore, when a civil action to compel arbitration is filed in a federal district court, it should be filed in the district where arbitration is to take place because the Court may not be empowered to compel arbitration elsewhere. The AAA in San Diego, CA is the contested forum in which Movant seeks to compel arbitration.

### II.
### STATEMENT OF THE FACTS

    Movant Justin Panus is currently incarcerated by the Texas Department of Criminal Justice. Movant was a victim of child sexual abuse at the hands of a Catholic Priest between 1994-1997 while a student at 'Mother of Good

Counsel' in Milwaukee, WI. Movant can only identify the perpetrator as "Father Dan", but it is a very real possibility that this person was Father Daniel A. Budzynaski - who is linked to the sexual abuse of at least 50 individuals at 11 different parishes.

On 14th January 2020, aged 32, Movant signed a contract with AVA Law Group to hire an attorney to represent Movant in a claim for damages caused by the sexual abuse suffered as a minor (EXHIBIT A - First Contract).

This agreement was between Movant, Reich & Binstock LLP, Barton Law Firm, and AVA Law Group, and contained an arbitration clause that any dispute "will be resolved by arbitration, to take place in Harris County, and governed by Texas law".

Over the following year and a half, Movant periodically wrote AVA Law Group to inquire as to the status of his case. He received no response.

Around June/July 2021, Movant's power-of-attorney, Mr. Edward Robnett, contacted AVA Law Group by phone and they explained the delay in Movants case was caused by a failure to transfer Movants case details to an attorney.

AVA Law Group re-affirmed to Movant's power-of-attorney that they had attorneys licensed to practice law in Wisconsin (where the abuse occurred). In subsequent conversations, AVA Law Group told Movant and/or his power-of-attorney that there was no statute of limitations on Movants claims for damages.

AVA Law group referred Ben Black at Reich & Binstock as Movants attorney, however Mr. Black was in Texas and unable to practice law in Wisconsin. Movant was informed that he needed to contact AVA Law Group for another referral to an attorney able to practice law in Wisconsin.

On 18th July 2022, Movant signed a Second Contract (EXHIBIT B - Second Contract). This agreement also had an arbitration clause that states:

> "In the event of any dispute, controversy, or claim between Client [Movant] and Attorneys (or our respective heirs, successors, assigns, or affiliates) arising out of, related to, or in connection with Client's engagement of Attorneys (any of the foregoing, a "dispute"), Client and Attorneys waive the right to seek remedies in court, including the right to a jury trial, and agree to submit said dispute exclusively to binding individual arbitration conducted by a single arbitrator subject to the rules of the American Arbitration Association

("AAA")... The seat of the arbitration will be in San Diego, CA unless AAA determines that this location will impose undue hardship, in which case the location will be set by AAA..."

[See, EXHIBIT B, pg. 3]

AVA Law Group continued to engage Movant in the same capacity as the First Contract and reassured Movant that there was no statute of limitations and stated that since they had attorneys from all over America, they could find him one in Wisconsin.

This proved to be untrue. Movant was once again referred by AVA Law Group to a firm in Texas whom could not practice law in Wisconsin. After this, AVA Law Group finally told Movant that they did NOT have an attorney in Wisconsin who could take his case.

On 28th March 2023, Movant received a letter from the Trans pride Initiative which explained to Movant that the statute of limitations for civil suits involving child sexual abuse in Wisconsin expire once the victim turns 35 years old. Movant discovered that the statement by AVA Law Group about being no statute of limitations were untrue, and that since he turned 35 on 20th February 2022 he was now procedurally barred from filing a civil suit to claim damages for his abuse.

On 21st July 2023, Movant lodged a 'Demand For Arbitration Consumer Arbitration Rules' against AVA Law Group to compensate for the loss of damages in the missed opportunity to file a civil action.

However, AVA Law Group refused to arbitrate. The representative of AVA Law Group responded: "The arbitration clause [in the first Contract] does not suggest administration of arbitration through the AAA. As such, we will not be submitting any payment for a filing fee or review of the arbitration clause".

Movant pointed out that there are two consecutive contracts and that although the violation began under the operation of the first contract (cited by respondent), the Second contract superceded the first. The Second Contract is explicit in that arbitration is to be conducted by AAA in San Diego, CA. Movant also pointed out that the first contract states: "this agreement may not be modified, amended, or replaced except by another signed written agreement". As such it is clear that the arbitration clause of the

First Contract was "modified, amended, or replaced" by the signing of the arbitration clause of the Second Contract.

AVA Law Group then argued that "on information and belief, the July 18, 2022 attorney representation agreement referenced in Mr. Panus's email was executed between Edward Robnett (on behalf of mr. Panus) and Reich LLC on further information and belief, Reich LLC sent a disengagement letter to Mr. Robnett the same day - July 18, 2022".

Movant responded by requesting that AVA Law Group provide proof of their alleged disengagement letter and that Movant received a copy/notice of such. To disprove the existance of said disengagement letter, Movant presented a 29th July 2022 letter (11 days after signed Second Contract) in which AVA Law Group acknowledges their continuing representation of Movant [EXHIBIT C].

AVA Law Group refused to provide evidence of this alleged disengagement letter and instead reasserted: "As previously indicated, AVA Law Group was never a party to any contract in which arbitration through the AAA was agreed upon. AVA Law Group does not consent to arbitration through the AAA with respect to Mr. Panus's complaints. AVA Law Group will provide no further information or responses".

Movant explained that although AVA LAw Group was not a named signatory to the Second Contract, they are an affiliate of Reich, PLLC, and acted under and benefited from,   it thus is estopped from avoiding its arbitration clause.

The AAA stated that they "determined that we do not have enough to accept this case filed under the agreement provided" and administratively closed their file.

III.
LEGAL ARGUMENTS

The issue before this Court is which arbitration clause is controlling - The First Contract or the Second Contract.

Movant avers that the arbitration clause of the Second Contract is controlling and that this Court should order Respondent AVA Law Group to arbitrate through the AAA in San Diego, CA.

-4-

SECOND CONTRACT SUPERSEDES FIRST

  In the First Contract it establishes that Reich & Binstock, Barton Law Firm and AVA Law Group are associate partners in their contractual obligations to Movant. The First Contract also clearly states that the "agreement may not be modified, amended, or replaced except by another signed written agreement". In other words, the clauses in the First Contract are binding UNLESS modified, amended, or replaced by another valid contract - which is exactly what happened.

  It is a basic principle of contract law and novation that two conflicting contracts cannot operate at the same time. In most situations, the subsequent contract supersedes the first. Thus in the case at hand, the arbitration clause of the Second Contract superseded the arbitration clause of the First Contract.

NONSIGNATORY

  Respondent has previously asserted that AVA Law Group is not a named signatory to the Second Contract.

  Federal courts have recognized that it "does not follow... that under the [FAA] an obligation to arbitrate attaches only to one who has personally signed the arbitration provision" See, In re Kellogg, 166 S.W.3d 732, 738 (Tex. 2005); Fisser v. Int'l Bank, 282 F.2d 231, 233 (2nd Cir. 1960).

  Instead, under certain circumstances, principles of contract law and agency may bind a non-signatory to an arbitration agreement. Id.

  The language of the arbitration clause of the Second Contract is very specific in that it states that in "the event of any dispute... between [Movant] and Attorneys (or our respective heirs, successors, assigns, or **affiliates**) arising out of... [Movant's] engagement of Attorneys".

  Therefore, even if AVA Law Group is a non-signatory to the Second Contract, they are most definately an affiliate of Reich, PLLC, and cannot escape the obligation to arbitrate through the AAA in San Deigo, CA.

  Interestingly, it is AVA Law Group's email which is cited in the Second Contract as the contact if Movant wanted to opt out of the arbitration clause (To wit: help@avalaw.com). Logic dictates that if AVA Law group was not an implied party to the contract, or at very least an affiliate of Reich, they would not be involved with the opt out of a clause of that contract.

Indeed, under California law, a nonsignatory to an arbitration clause may be required to arbitrate claims where the cause of action are "intimately founded in and intertwined" with the claims of the signatory. See, <u>Goldman v. KPMP, LLP</u>, 173 Cal. App. 4th 209, 221 (2009).

Nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles. Among these principles are: (1) incorporation by reference; (2) assumption; (3) agency¹; (4) veil-piercing/ alter ego; and (5) estoppel. See, <u>Comer v. Micor, Inc.</u>, 436 F.3d 1098 (9th Cir. 2006).

Arguments can be made that AVA Law Group was incorporated by reference in the Second Contract as Reich's affiliate and the use of AVA Law Group's email.

Arguments could also be advanced that AVA Law Group acted with mutual agency with Reich and that there is a good faith assumption that the Second Contract equally applied to AVA Law Group.

Lastly, equitable estoppel could be said to preclude AVA Law Group from claiming the benefit of the contract while simultaneously attempting to avoid the burdens that the contract imposes. AVA Law Group continued to represent Movant after the Second Contract was signed. As such they gained to benefit from a percentage of the potential settlement, and should not be permitted to escape arbitration when, through their negligent misrepresentation, that opportunity for settlement was lost.

<u>ALLEGED DISENGAGEMENT LETTER</u>

Lastly, as to respondents claim that they sent a disengagement letter to Movant the same day the Second Contract was signed, it is a general rule that one who desires to exercise his right to terminate or rescind a contract must first give the opposing party notice that he is doing so. Further, a notice of the recession or termination of a contract, to be effective as such, must be clear and unambiguous, conveying an unquestionable purpose to insist on the recession. See, <u>In re Greater Southeast Cmty. Hosp. Found., Inc.</u> 267 B.R. 7.

And where the contract of one having the right to rescind a contract is ambiguous and it is not clear whether he has rescinded it or not, he will be deemed not to have done so. Id.

In the case at hand, respondent has refused to provide a scintilla of evidence to prove the existence of a disengagement letter, yet alone proof Movant received any notice of such. Movant asserts that such a refusal by Respondent is based upon the fact that no such evidence exists – no disengagement letter was sent.

## LEGAL CONCLUSION

Movant asserts that based upon the above legal premises that the arbitration clause of the Second Contract is valid and binding.

The agreement of respondent to arbitrate was made in consideration of the promise of Movant to arbitrate. Both parties are equally bound under the arbitration clause of the Second Contract to arbitrate through the AAA in San Diego, CA.

Furthermore, Movant has fully performed all duties owed to Respondent under the arbitration agreement or is willing to perform any arbitration obligation not yet performed. There is no adequate remedy at law for Respondent's breach of the arbitration agreement.

Therefore, this Court should order respondent AVA Law Group, Inc., to arbitrate through the AAA in San Diego, CA.

IV.
ARBITRATION COSTS

The arbitration clause states that the Attorneys will cover all arbitration costs. Therefore, as a precautionary matter in light of the Respondents refusal to submit any payment for a filing fee to the AAA, Movant requests in good faith that this Honorable Court order respondent to pay all necessary arbitration costs, and to compensate Movant for the filing fee in this action.

This is to prevent further delay of the arbitration process and to avoid the need to seek this Courts further intervention.

WHEREFORE, PREMISES CONSIDERED, Movant Justin Panus respectfully prays that this Court ORDER Respondent AVA Law Group, Inc., to engage in arbitration under the Federal Arbitration Act to be conducted by a single arbitrator from the American Arbitration Association in San Diego, CA.

Movant additionally prays for such other and further relief to which he may show himself to be justly entitled, including his request that Respondent be ordered to pay all necessary arbitration costs.

Respectfully Submitted,

DATE: October 10, 2023

Justin Panus
TDCJ No. 2167693
Robertson Unit
12071 F.M. 3522
Abilene, TX 79601


## CERTIFICATE OF SERVICE

This certifies that the undersigned served this document on AVA Law group, Inc., at 3667 Voltaire Street, Suite 101, San Diego, CA 92106, by certified mail USPS First Class, on this the 5th day of October , 2023, and thus provided 5 days notice of this action.

CERT No. 7021 1970 0001 2988 5976

Justin Panus, Pro Se.

-8-