UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUSTIN PANUS,
TDCJ No. 2167693,

Plaintiff,

vs.

AVA LAW GROUP,

Defendant.

Case No.:  23cv02018 DMS (JLB)

**ORDER GRANTING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**

**[ECF No. 5]**

Plaintiff Justin Panus ("Plaintiff"), currently a prisoner in the Texas Department of Criminal Justice, and proceeding pro se, has filed a "Motion to Compel Arbitration."  (See ECF No. 1.)

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, but instead filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).  While Plaintiff's initial IFP motion was denied based on his failure to attach certified copies of his prison trust account statements as required by 28 U.S.C. § 1915(a)(2), he has since filed a renewed IFP motion correcting that deficiency (ECF No. 5.)

/ / /

1

For the reasons explained, the Court **GRANTS** Plaintiff's renewed motion to proceed IFP but **DISMISSES** his Complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief can be granted.

## I.    Renewed Motion To Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to pay only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

"While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners:  under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'"  *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)).  Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  Using this financial information, the court "shall assess and when

---

[1] In addition to the $350 statutory fee, civil litigants filing suit are required to pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The administrative portion of the fee does not apply to persons granted leave to proceed IFP. *Id.*

funds exist, collect, … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)).  Thus, while prisoners may qualify to proceed IFP without having to pay the statutory filing fee in one lump sum, they nevertheless remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff's renewed IFP motion complies with both 28 U.S.C. § 1915(a)(1) and (2). In support, Plaintiff has submitted a prison certificate issued by the Texas Department of Criminal Justice ("TDCJ") and notarized by a TDCJ trust account official.  (*See* ECF No. 5 at 6.)  *See also* S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119.  This document shows Plaintiff maintained an average monthly balance of $125.25, and had $268.33 in average monthly deposits credited to his account over the 6-month period extending from October 2023 through April 2024. At the time he filed his renewed IFP, however, Plaintiff's available balance was only $1.77.  (*See* ECF No. 5 at 6.)

Based on this accounting, the Court **GRANTS** Plaintiff's renewed motion to proceed IFP and assesses an initial partial filing fee of $53.66 pursuant to 28 U.S.C. § 1915(b)(1). However, *this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed*. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered.").  Pursuant to 28 U.S.C. § 1915(b)(2), the TDCJ or any agency later having custody must forward payments to the Clerk until the $350 statutory fee is paid in full.

## II.     Screening of Complaint pursuant to 28 U.S.C. § 1915(e)(2)

A.     <u>Standard of Review</u>

Because Plaintiff is proceeding IFP, his action requires initial review and mandatory dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.").  However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled."  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.    Plaintiff's Allegations

Here, Plaintiff has filed a motion to compel arbitration against Ava Law Group, Inc. based on a July 18, 2022 Attorney Representation Agreement.  However, that Agreement is between Plaintiff and Reich, PLLC.  (*See* Mot., Ex. B.)  Defendant Ava Law Group is not a party to that Agreement.  It appears Plaintiff may have entered into a separate agreement with Ava Law Group on January 14, 2020, (*see* Mot., Ex. A), but the arbitration provision in that Agreement states any disputes arising out of that Agreement are "to take place in Harris County," and will be "governed by Texas law."  (*Id.*)  Based on these documents, Plaintiff has failed to set forth sufficient facts to support his motion to compel arbitration against Ava Law Group based on the July 18, 2022 Agreement.

For these reasons, the Court finds Plaintiff fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1130.  However, given Plaintiff's pro se status, the Court grants him leave to amend.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

**III.    Conclusion**

Accordingly, the Court:

/ / /

1.    **GRANTS** Plaintiff's renewed motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 5).

2.    **ORDERS** the Director of the TDCJ, or their designee, to collect from Plaintiff's trust account the $53.66 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jennifer Cozby, Senior Warden, TDCJ French Robertson Unit, 12071 FM 3522, Abilene, Texas 79601.

4.    **DISMISSES** this civil action without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5.    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint that cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If

/ / /

/ / /

/ / /

/ / /

a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

  **IT IS SO ORDERED**.

Dated:  August 23, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court